UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDAH SILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-0312-CVE-FHM |
| | ) |
| KC MOTOR SPORTS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court sua sponte on plaintiff's pro se complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp. 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir.1991). Plaintiff has the burden to allege jurisdictional facts

demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

The Court has reviewed the complaint and finds that it does not demonstrate a basis for subject matter jurisdiction. Plaintiff filed his complaint using a court form and, in the space provided for plaintiff to list the basis for jurisdiction, plaintiff wrote an address in Tulsa, Oklahoma. Dkt. # 1, at 1. However, federal courts do not have jurisdiction over all cases within their geographical boundaries; rather, federal courts may exercise only the limited jurisdiction authorized by the Constitution and federal statutes. See Merida Delgado, 428 F.3d at 919. As relevant here, federal statutes grant district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds a certain amount. Id. § 1332(a). The complaint alleges the following basis for plaintiff's claim: "I bought a car this year. But, the dealership said that they will not pay for my title on my car." Dkt. # 1, at 1. It is not clear what theory of liability plaintiff is alleging, but the Court can imagine no theory under which federal question jurisdiction would arise under § 1331. The complaint alleges that both plaintiff and defendant are citizens of Oklahoma, precluding the exercise of diversity jurisdiction pursuant to § 1332. Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not present facts establishing a basis for subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), plaintiff's case must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 3rd day of June, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE